

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMSUN LOGIX CORP.,

　　　　　　　　Plaintiff,

v.

SMORGON STEEL RECYCLING INC.,

　　　　　　　　Defendant.

---

08 Civ. 08 CV. 5989 (SHS)

**VERIFIED COMPLAINT**

Plaintiff SAMSUN LOGIX CORP. ("Plaintiff"), as Owner of the M/V BAO QING MEN, by its attorneys Blank Rome LLP, complaining of the above-named Defendant SMORGON STEEL RECYCLING INC. ("Defendant"), alleges upon information and belief as follows:

1.　　This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2.　　At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of the Republic of Korea and the owner of the Motor Vessel BAO QING MEN (the "Vessel").

Case 1:08-cv-05989-SHS     Document 1     Filed 07/01/2008     Page 2 of 18

3. At all material times, Defendant was and now is a corporation organized and existing under the laws of Virginia, U.S.A.

## THE BASIC FACTS

4. Plaintiff chartered the Vessel to Defendant under a contract of charter party dated on or about April 21, 2008 (the "Charter").

5. Pursuant to the terms of the Charter, Plaintiff issued to Defendant a "Final Freight Invoice" dated May 3, 2008. Ex. 1 to the Rule B affidavit.

6. Defendant has failed, despite demand, to pay $399,550 owing under the Final Freight Invoice.

7. The dispute is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

8. Plaintiff repeats paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

10. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:


| | | |
|---|---|---|
| A. | On the principal claim | $399,550 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $100,000 |
| C. | Interest over the course of 3 years at prime rate average of 8% per annum: | $ 95,892 |
| | **TOTAL:** | $595,442 |

11.  Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $595,442 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

Case 1:08-cv-05989-SHS    Document 1    Filed 07/01/2008    Page 6 of 18

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
July 1, 2008

>Respectfully submitted,
>BLANK ROME LLP
>Attorneys for Plaintiff
>
>By: _____
>Jeremy J.O. Harwood (JH 9012)
>405 Lexington Avenue
>New York, NY 10174
>Tel.: (212) 885-5000

Case 1:08-cv-05989-SHS    Document 1    Filed 07/01/2008    Page 8 of 18

## VERIFICATION

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
1st day of July, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

601582.00604/6646514v.1                    5





BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSUN LOGIX CORP., <br><br> Plaintiff, <br><br> v. <br><br> SMORGON STEEL RECYCLING INC., <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant SMORGON STEEL RECYCLING INC., as Owner of the M/V BAO QING MEN, a company organized and existing under the laws of Virginia, U.S.A., pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendant is not incorporated or registered to do business in the State of New York.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2008 edition), telephone assistance in New York City, and the internet Yellow Pages.

4. In our search, we did not find any listing or reference to defendant in this district or state.

5. In the circumstances, I believe the defendants cannot be "found" within this district.

6. I attach as Exhibit 1 hereto a true copy of the "Final" Freight Invoice" dated May 3, 2008.

_____
Jeremy J.O. Harwood

Sworn to before me this
1st day of July, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

# EXHIBIT 1

Case 1:08-cv-05989-SHS    Document 1    Filed 07/01/2008    Page 16 of 18



Samsun Logix Corporation
6-6F,Leo Ma Bldg.146-1, Soosong Dong, Chongno Ku,Seoul
Tel.82-3998-600 Fax. 82-2-3998-670 Telex. K25934

MESSRS.   SMORGON STEEL RECYCLING INC.                DATE    2008-05-03
C/O       ECORIM / TRANSDATA

### FINAL FREIGHT INVOICE

```
MV. "BAO QING HEN" - BQN08322
CHARTER PARTY DATE    :    2008-04-21
BILL OF LADING DATE   :    2008-05-03
PORT OF LOADING       :    TAMPA + NORFOLK, USA
PORT OF DISCHARGING   :    ISP IN TURKEY
CARGO NAME            :    IRON/STL SCRAP
LOADED QUANTITY       :       21,307.560   MT
FREIGHT RATE     USD        2,065,000.00   LUMPSUM
```

| DESCRIPTION | DEBIT | CREDIT |
|---|---|---|
| - OCEAN FREIGHT  USD  2,065,000.00  LUMPSUM | 2,065,000.00 | |
| - LESS 3.75 PCT TO TRANSDATA | | $77,437.50 |
| - RCVD FREIGHT PAYMENT ON 13TH MAY., 2008 | | $1,626,448.66 |
| - DAMAGE CLAIM DUE TO DETENTION AT ICDAS OCCURRED BY DISPUTE BETWEEN SHIPPERS AND RECEIVERS | | |
| A) DAILY CHARTER HIRE DURING DETENTION | | |
| FM  08-5-25 17:30 LT | | |
| TO  08-5-26 11:20 LT | | |
| TOTAL   0.74306  DAYS   X   $35,500.00 | $26,378.63 | |
| B) BUNKER CONSUMPTION DURING DETENTION | | |
| IFO 1.0MT   X   $540.00   X  0.74306 DAYS | $401.25 | |
| MDO 2.0MT   X   $1,070.00  X  0.74306 DAYS | $1,590.15 | |
| - DEMURRAGE AT LOAD PORTS | $40,177.08 | |
| LESS 3.75 PCT FOR DEMURRAGE TO TRANSDATA | | $1,506.64 |
| - DESPATCH AT DISCHG PORT | | $29,604.17 |
| SUB TOTAL | $2,133,547.11 | $1,733,996.97 |
| PAYABLE DUE TO OWNERS | | $399,550.14 |
| GRAND TOTAL | $2,133,547.11 | $2,133,547.11 |

PLS KINDLY REMIT TO :-

INTERMEDIARY BANK :
DEUTSCHE BANK TRUST COMPANY AMERICA  NEW YORK NY
SWIFT CODE : BKTRUS33

BENEFICIARY BANK :
KOOKMIN BANK, MYEONGDONG CORP BUSINESS DEPT.
SEOUL, KOREA
SWIFT CODE : CZNBKRSE

BENEFICIARY NAME
SAMSUN LOGIX CORPORATION
BENEFICIARY'S A/C NO. 12-3058051009 3

IN FAVOR OF SAMSUN LOGIX CORPORATION

YOURS FAITHFULLY

JASON LEE / MGR G MANAGER
SAMSUN LOGIX CORPORATION