```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMSUN LOGIX CORP.,

         Plaintiff,

v.

SMORGON STEEL RECYCLING INC.,

         Defendant.

08 Civ. 5989 (SHS)

**STIPULATION OF DISMISSAL, RELEASE OF ATTACHMENTS AND ORDER THEREON**

---

    **WHEREAS**, on or about July 1, 2008, Plaintiff SAMSUN LOGIX CORP. ("Samsun") filed this action against Defendant SMORGON STEEL RECYCLING INC. ("Smorgon") and obtained the issuance of a Writ of Attachment and Garnishment and an Order for Issuance of a Writ of Attachment and Garnishment dated on or about July 1, 2008 (collectively, the "Process of Maritime Attachment and Garnishment"); and

    **WHEREAS**, the Process of Maritime Attachment and Garnishment were subsequently served on various garnishee banks in this district; and

    **WHEREAS**, Samsun has attached funds in the sum of $595,442.00 (the "Funds") at one or more of the named garnishee banks ("Garnishees");

    **WHEREAS**, by escrow agreement dated on or about July 30, 2008 (the "Escrow Agreement") the parties have agreed that the Funds are to be released from attachment by this "so ordered" stipulation and placed in the Client Trust Account of Ince & Co., London solicitors for Smorgon, pursuant to the terms of the Escrow Agreement, a copy of which is Exhibit 1 hereto;

    **NOW**, pursuant to the subjoined consent of the attorneys for Samsun and Smorgon, it is:

**ORDERED** that the Garnishees Amex, Deutsche Bank and HSBC release all attachments held by them and wire such attached funds to the "Ince Client Trust Account" of Ince & Co. to be held pursuant to the terms of the Escrow Agreement. The remittance details for the Ince Client Trust Account will be provided in a joint letter from the attorneys of Samsun and Smorgon to Amex, Deutsche Bank and HSBC.

**IT IS FURTHER ORDERED** that while the Funds are being transferred to the Ince Client Trust Account pursuant to this Order and the terms of the escrow agreement, said monies shall not be subject to further attachment and garnishment by other plaintiffs.

**IT IS FURTHER ORDERED** that the action is dismissed without prejudice and without costs as to either party subject to being reopened within 30 days if any issues arise concerning the receipt of the Funds in the Ince Client Trust Account.

Dated: August 5, 2008

| | |
|---|---|
| BLANK ROME LLP | HOLLAND & KNIGHT LLP |
| By: *[signature]* | By: *[signature]* |
| Jeremy Harwood, Esq. | William J. Honan, Esq. |
| 405 Lexington Avenue | Christopher R. Nolan, Esq. |
| The Chrysler Building | 24th Floor |
| New York, NY 10174 | 195 Broadway |
| Tel: (212) 885-5000 | New York NY 10007 |
| Fax: (212) 885-5001 | Tel: (212) 513-3200 |
| jharwood@blankrome.com | Fax: (212) 385-9010 |
| | bill.honan@hklaw.com |
| *Attorneys for Plaintiff SAMSUN LOGIX CORP.* | chris.nolan@hklaw.com |
| | *Attorneys for Defendant SMORGON STEEL RECYCLING INC.* |

SO ORDERED: *[signature]*

United States District Judge    Date 8/6/08

2

# EXHIBIT 1

## ESCROW AGREEMENT

This Agreement is made on the 30 day of July, 2008

between:

Smorgon Steel Recycling Inc ("Smorgon"),

and

Samsun Logix Corp ("Samsun"),

referred to jointly as "the Parties".

**WHEREAS:**

(1) On or about 21 April 2008 Smorgon (as Charterer) and Samsun (as Owner), entered into a contract of charter party for the M/V Bao Qing Min for a voyage chartered trip with a cargo of scrap.

(2) Disputes have arisen between Smorgon and Samsun pursuant to the charter party dated 21 April 2008 and arbitration proceedings have been commenced in London.

(3) As part of their attempts to obtain security for their claim, Samsun commenced a Rule B proceeding in the United States District Court for the Southern District of New York (Case No. 08 CV 5989 (SHS)) and attached the sum of US$ 595,442.00 belonging to Smorgon ("the Funds").

(4) By stipulation of the Parties, to be "So Ordered" by the United States District Court for the Southern District of New York, it has been agreed by Smorgon and Samsun, and their respective U.S. counsel, Holland & Knight LLP (for Smorgon) and Blank Rome LLP (for Samsun), that the Funds are to be released from attachment, with US$ 595,442.00 transferred into an account in London in the names of Smorgon and Samsun – the escrow funds will be placed in the Client Trust Account of Ince & Co, the London solicitors representing Smorgon, the details of which are as follows:

| | |
|---|---|
| Account Name: | Ince Client Account for Smorgon Steel Recycling Inc and Samsun Logix Corp |
| Account Number: | [REDACTED] |
| Sort Code: | |
| Swift Code: | |

Royal Bank of Scotland
5-10 Great Tower Street
London
EC3P 3HX
UK

in which the Funds will be held in escrow in the joint names of Smorgon and Samsun as security in respect of Samsun's claims in the London arbitration.

**IT IS HEREBY AGREED:**

1. Ince & Co and Bicketts LLP will jointly act as Escrow Agents and shall hold the funds in escrow for and on behalf of both Parties, being security for Samsun's claim in the London arbitration, on the terms and conditions herein set out.

2. The Funds, together with accrued interest, shall be held in the above escrow account pending the outcome of the London arbitration proceedings or a settlement between the Parties.

3. The Funds shall be promptly disbursed pursuant to and in accordance with either:

    (a) joint written instructions from Smorgon and Samsun (or their respective escrow agents); or

    (b) pursuant to and in accordance with the final unappealable arbitration award issued in the London Arbitration or a final judgment of the English High Court if the award is appealed.

4. Once US$ 596,442.00 of the Funds have been received into the above escrow account, then Samsun's and Smorgon's New York attorneys will file a Stipulation discontinuing without prejudice the Rule B action commenced in the United States District Court for the Southern District of New York, Case No. 08 CV 5989 (SHS). Samsun hereby undertakes and agrees that it will not commence another Rule B attachment proceeding against Smorgon in respect of the claims presently arising under the 21 April 2008 charter party which have been submitted to arbitration in London.

5. Smorgon and Samsun confirm that they irrevocably instruct and shall procure their solicitors, Ince & Co and Birketts LLP jointly as escrow agents, to exercise control over the Funds in the above escrow account in strict accordance with the terms of this Agreement.

6. This Escrow Agreement may be executed in multiple counterparts and the Escrow Agents may commence to act based upon receipt of telefax or e-mail copies of the Executed Agreement.

2

7. Neither Smorgon nor Samsun makes any representation to the other as to the liability or otherwise of the ultimate recipient of the Funds together with accrued interest thereon to account for tax to any relevant Revenue Authority.

8. Any dispute arising under and in connection with this Agreement shall be subject to English law and referred to the exclusive jurisdiction of the High Court of Justice in London. Smorgon and Samsun hereby irrevocably agree that their respective London solicitors and escrow agents Ince & Co and Birketts LLP, are instructed to accept service on their behalf of any proceedings for the enforcement of this Agreement.

Smorgon Steel Recycling Inc.
BY _____
Title  ~~Chairman~~ DIRECTOR
       RICK JANSEN

Samsun Logix Corp
BY _____
Title  G. Manager / Hyeuy-Hoon Oh

We hereby agree to serve as joint escrow agents in accordance with the terms of this Escrow Agreement between Smorgon Steel Recycling Inc. and Samsun Logix Corp dated        July, 2008.

Ince & Co., as Escrow Agent
_____
Name: Anthony J. Martin of Ince & Co, International House, 1st St. Katharines Way
Title: Director for Shipping & Logistics                            London, E1W 1AY

Birketts LLP as escrow agents
_____
Name: Jonathan. S. Clark of Birketts LLP, 24-26 Museum Street,
Title: Barrister                                        Ipswich, Suffolk, IP1 1HZ.

3